## Frank W. Caldwell v. R. M. McCay.

1. PRACTICE—*Where the Plaintiff Fails to Appear.*—In a case where there is no plea of set-off, the failure of the plaintiff to appear amounts to a discontinuance of the action, and nothing remains to be done by the court but to dismiss the suit for want of prosecution. To permit the

defendant to waive a jury and confess a judgment in favor of the plaintiff is reversible error.

Assumpsit, on a promissory note. Error to the County Court of Macon County; the Hon. WILLIAM L. HAMMER, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed May 29, 1896.

### STATEMENT OF THE CASE.

Judgment in the sum of $654.13 in favor of the appellant and against the appellee was entered by confession under a warrant of attorney in the County Court of Macon County in vacation.

At the regular term next ensuing of said County Court a motion was entered and sustained to open the judgment and allow the appellee to plead and make defense to appellant's demand.

Pleas were filed and the cause was continued to the December term, 1895, of said court.

Appellant did not reply to or traverse the pleas nor was issue formed under any of them for trial.

The appellant did not appear at said term of court nor did any one appear for him.

The appellee appeared in person and by counsel and the court permitted him to waive trial by jury and to confess a judgment in favor of appellant in the sum of $157.80.

Judgment was entered accordingly in favor of appellant for that sum and for costs and he has appealed.

W. C. JOHNS, attorney for plaintiff in error.

CREA, EWING & WALKER, attorneys for defendant in error.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The failure of the appellant to take issue upon the plea and to appear had no other effect than to authorize the court to dismiss the cause.

It was error to allow the appellee to waive a jury and confess a judgment in favor of appellant. Williams v. Brunton, 8 Ill. 600; Thompson on Trials, Vol. 2, Sec. 2229.

The judgment so entered is an adjudication of appellant's demand and concludes him unless reversed. The error is therefore not merely formal, but of reversible character.

The case of City of East St. Louis v. Thomas, 102 Ill. 453, is cited as authority in support of the suggestion the error is merely formal.

The judgment affirmed in that case was rendered against the plaintiff, against whom default had been entered because of a failure to reply to a plea of set-off.

Set-off is in the nature of a cross-action, and the same principles apply to its maintenance that would govern an independent action brought thereon.

Our statute provides the plaintiff shall not be permitted to dismiss his suit without leave of the court or consent of the defendant in case a plea of set-off has been interposed.

A plaintiff may therefore be defaulted if he fails to take issue upon a plea of set-off, and the court may proceed to final judgment against him, as was done in City of St. Louis v. Thomas, *supra.*

But in the case at bar there was no plea of set-off and the failure of the plaintiff to appear and plead amounted to a discontinuance of the action, and the court should have in such case dismissed the suit for want of prosecution.

For the error indicated the judgment must be and is reversed and the cause remanded.