## People of the State of Illinois, for the use of, etc., v. Charles J. Reuter.

1. PRACTICE—*Where Plaintiff Defaults.*—It does not follow that because the plaintiff makes default in prosecuting his case. the defendant is entitled to judgment on the merits. What the defendant is entitled to is, that the suit shall be dismissed for want of prosecution.

**Debt,** on an official bond. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded. Opinion filed March 16, 1900.

**Statement.**—This is an action of debt brought by appellants against appellee, upon the official bond for $50,000 of James D. Baker, former warden of the Southern Illinois Penitentiary, appellee being one of the sureties on the bond.

The declaration contains but one count, and the first breach of the bond alleged is, that Baker, as such warden, received from the treasurer of the State of Illinois the sum of $11,750 belonging to the Southern Illinois Penitentiary Commissioners, and converted the same to his own use, and refuses and neglects to pay it over either to John J. Schneider, his immediate successor in office, or to J. M. Tanner, the present incumbent thereof.

The second breach is that Baker, as such warden, received $11,750, the property of the Southern Illinois Penitentiary, and converted and disposed of the money to his own use, and neglects and refuses to pay it, or any part of it, to his successor in office or to J. M. Tanner, the present warden.

The defendant filed three pleas to the declaration, to which a special demurrer was sustained, when he filed three amended pleas.

People v. Reuter.

The first amended plea alleges that the defendant did " well and truly keep and perform all and singular the matters and things in the said writing obligatory and the conditions thereof specified on his part as such warden of said Southern Illinois Penitentiary to be kept and performed according to the tenor and effect of the said writing obligatory and the conditions thereof."

The second amended plea alleges that the defendant during the time he was warden, etc., " never received any moneys belonging to said penitentiary and the said commissioners thereof from the treasurer of the State of Illinois, as such warden, and never converted and disposed of said moneys in said first breach mentioned, to his own use, and has not neglected and refused, and does not neglect and refuse to pay over said money either to John J. Schneider or J. M. Tanner, as warden of said penitentiary," as alleged in the first breach of the declaration.

The substance of the third amended plea, as alleged therein, is as follows :

" That all the moneys which came into the possession of the said James D. Baker, as such warden, during all the time he was warden, as aforesaid, were properly and faithfully expended by him as such warden for the use and benefit of said Southern Illinois Penitentiary, the purpose for which said moneys were appropriated.

And all the moneys which came into the possession of the said James D. Baker as such warden, during the time he was warden as aforesaid, that were not expended by him as such warden for the use of and benefit of said Southern Illinois Penitentiary during all the time he was warden of said Southern Illinois Penitentiary, were at the time he resigned and the said John J. Schneider was appointed as warden of said Southern Illinois Penitentiary to take his place, as his successor, transferred and turned over by him, the said Baker, as such warden, to the said John J. Schneider as his successor in office as warden of said Illinois Penitentiary, and were not converted and disposed of to the use of the said James D. Baker, and the said Baker has not neglected and refused and does not neglect and refuse to pay said money to his successor in office as warden of said Southern Illinois Penitentiary, as in the breaches of said declaration alleged."

Each of the pleas concluded with a verification.

On the 19th of January, 1899, the court entered a rule against plaintiffs, to reply to the pleas by the first day of the following April term of the court, and at said term it entered judgment in the case, as follows:

"And now, on the 13th day of April, A. D. 1899, comes the defendant, by his attorneys, and the plaintiffs having been three times solemnly called in open court, came not, nor any one for them; on motion of defendant's attorneys, the court entered their default for failing to reply to defendant's amended pleas, and in compliance with the rule of court, entered at the January term, A. D. 1899, and the court renders judgment in favor of defendant and against the plaintiffs on said pleas."

On the 17th of the same month, the plaintiffs entered a motion to set aside the default and vacate the judgment, which the court afterward denied, and plaintiffs excepted and appealed to this court, and assign for error the rendition of the judgment and denial of plaintiffs' motion to vacate it.

CHARLES W. THOMAS, attorney for appellants.

HAMILL & BORDERS, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

In order to sustain the judgment in this case, it must, as we think, be assumed that appellee was seeking to enforce an affirmative right which appellants were attempting to deprive him of, and that appellee has secured the right through his superior diligence. But in what does this affirmative right consist? He is complaining of no wrong done him, or that he has been deprived of any right belonging to him. He came into court unwillingly, and to the complaint that the principal in the bond for whom he was surety, did not keep and perform his covenants by paying over the money that came into his hands by virtue of his office, he answers by his pleas, that the principal did keep and per-

form the covenants of the bond, and if this answer be true, appellee gains nothing by it except to be let alone, which is a mere negative right, and that belongs to all men who keep and perform their covenants.

There was no issue to be tried, and none was tried; and the most that can be said, in our opinion, is that the plaintiffs had made default in prosecuting their case; but it does not therefore follow that the defendant was entitled to a judgment on the merits of the case.   What the defendant was entitled to was, that the suit should be dismissed for want of prosecution, and the court erred in rendering the judgment it did.   Peck v. Hubbard et al., 4 Ill. App. 566; Caldwell v. McCay, 65 Ill. App. 405; Williams v. Brunton et al., 3 Gil. 600; Delano v. Bennett, 61 Ill. 83; Seavey v. Rogers, 69 Ill. 534.

When appellants filed their motion to vacate the judgment, the attention of the court was called to the error it had made, and it should have rectified the error by sustaining the motion; and its refusal to do so was error.

For the errors indicated, the judgment is reversed and the cause remanded.