Chicago Title and Trust Company, Appellee, v. The County of Cook, Appellant.

Gen. No. 37,944.

Opinion filed April 1, 1935. Rehearing denied April 15, 1935.

GERALD R. GORMAN and MAYER, MEYER, AUSTRIAN & PLATT, all of Chicago, for appellant; FREDERIC BURNHAM, GERALD R. GORMAN, FRANK D. MAYER and MILES G. SEELEY, all of Chicago, of counsel.

LAWLOR, WALSH & BERNSTEIN, of Chicago, for appellee; EDWIN D. LAWLOR, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as owner of certain real estate, brought an action against defendant, the County of Cook, to recover damages claimed to have been sustained on account of the construction by defendant of a grade separation adjacent to plaintiff's property. The case was tried before the court without a jury, and after all the evidence was heard, and while counsel for plaintiff was arguing the case on the merits he moved for a voluntary nonsuit. Counsel for defendant objected on the ground that plaintiff had failed to comply with the provisions of section 52 of the Civil Practice Act. The motion was allowed, judgment entered against plaintiff for costs, and defendant appeals.

The record discloses that the trial of the cause was commenced before the court without a jury on May 23,

1934, and the court proceeded to hear the evidence. An adjournment was taken until May 25th, and on that date the hearing was resumed, evidence being presented by plaintiff, and the case was continued until the following Monday, May 28th, when the hearing was resumed. Plaintiff again offered evidence, and on the following day the case was on hearing, plaintiff still offering evidence. The case was then continued to June 13th, when defendant introduced evidence in its behalf, and the hearing was continued on the following day, when the introduction of evidence was all completed and the cause continued until June 20th for the purpose of hearing argument of counsel. June 20th the cause was again continued for the same purpose until July 6th, and on that date plaintiff was given leave to file an amended declaration, which was done, and defendant's pleas were ordered to stand to the amended declaration. There was then some discussion between court and counsel for both sides, and thereupon counsel for defendant submitted propositions of law and findings of fact to the court. Counsel for plaintiff then proceeded to argue the case on its merits, which argument proceeded for some time, when the court indicated he would like to have counsel discuss the propositions of law submitted by counsel for defendant, the court suggesting that he thought the propositions of law appeared to be sound, ''because you cannot show any particular damage to your property.'' There was further argument by counsel, and discussion by the court as to whether plaintiff was entitled to any damage, when counsel for plaintiff said he would take a nonsuit, suggesting that he felt the court was prejudiced against the case. The motion was objected to by counsel for the defendant, and the provisions of section 52 of the Civil Practice Act were called to the attention of the court. The court allowed the motion over defendant's objection.

Section 52 is as follows: "Sec. 52 (Voluntary dismissal.) The plaintiff may, . . . upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit. After a counter-claim has been pleaded by a defendant no dismissal may be had as to him except by consent of the defendant."

Although the instant case was brought September 25, 1931, the trial was not begun until May 23, 1934. The practice in the trial court on the hearing of the case and on review, is governed by the Civil Practice Act (Rule 1, Supreme Court).

"At common law a plaintiff could take non-suit at any time before verdict was rendered, in open court. (*Berry v. Savage,* 2 Scam. 261.) Under section 70 of the present Practice act [1907] this common law rule has been modified so that non-suit is barred unless entered before the jury has retired from the bar, 'or, if the case is tried before the court without a jury, before the case is submitted for final decision.' " *Aetna Life Ins. Co. v. Hoppin,* 255 Ill. 115, 117.

The right to take a nonsuit is further limited by section 52, above quoted. That section provides that if a motion for a nonsuit is not made until after the trial begins, plaintiff may dismiss his suit on payment of costs "only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit."

In the instant case the motion for a nonsuit not having been made until after the trial of the cause began, the court was not authorized to dismiss it over defendant's objection, except upon plaintiff's compliance with the terms of the act. To entitle plaintiff to a nonsuit under the circumstances involved, the statute required that plaintiff make a "special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit." No attempt having been made to comply with this provision of the act, the court was not warranted in sustaining plaintiff's motion and entering the order awarding the plaintiff a nonsuit.

The practice under the common law that permitted a plaintiff to take a nonsuit at any time before the decision by walking out of the court room, and the practice under section 70 of the old Practice Act, which permitted plaintiff to take a nonsuit after the case has been heard by the court before it was submitted for final decision, often made the administration of justice a mere travesty. Evidence might be taken in a case for a number of days by both sides. Counsel might then argue at length and if, during the argument, it appeared from what the court had intimated that he was inclined to decide for the defendant, plaintiff had the absolute right to take a nonsuit. It was to remove this obvious defect in the law that the legislature enacted section 52 of the Civil Practice Act.

The procedural point made by plaintiff was that the appeal should be dismissed because there are no assignments of error attached to the record. Under the new Practice Act, no assignments are necessary. *Travelers Ins. Co. v. Wagner,* 279 Ill. App. 13. We there said (p. 17): "Formal assignments of error were only required by rule of court, not by statute. *Ditch v. Sennott,* 116 Ill. 288. The present rules of the Supreme Court, effective January 1, 1934, contain

no provision for assignments of error, but Rule 39, entitled 'Briefs' provides that the brief of appellant shall contain 'the errors relied upon for reversal.' The brief of plaintiff before us meets this requirement.''

Holding, as we do, that the court was not warranted in allowing plaintiff's motion for a nonsuit, the judgment of the superior court of Cook county is reversed and the cause remanded with directions to the court to decide the case on its merits.

*Reversed and remanded with directions.*

McSURELY and MATCHETT, JJ., concur.