111

Henry Gunderson, Appellee, v. First National Bank of
Chicago, Successor-Trustee Under Last Will and
Testament of Lucius G. Fisher, Deceased, Appel-
lant.

Gen. No. 40,002.

112

Opinion filed June 21, 1938.

Lord, Lloyd & Bissell, of Chicago, for appellant; Gordon R. Close, of Chicago, of counsel.

No appearance for appellee.

Mr. Justice John J. Sullivan delivered the opinion of the court.

This action was brought under the Dramshop Act (Ill. State Bar Stats. 1935, ch. 43, ¶ 42 [Jones Ill. Stats. Ann. 68.042]) by plaintiff, Henry Gunderson, against defendant, First National Bank of Chicago, as successor-trustee under the last will and testament of Lucius G. Fisher, deceased, to recover damages for

injuries alleged to have been sustained as the result of an assault committed upon Gunderson. At the close of plaintiff's evidence the court directed a verdict for defendant. Thereafter plaintiff filed a written motion for a new trial, which was allowed. This appeal, granted upon defendant's application for leave to prosecute same, seeks to reverse the order which sustained plaintiff's motion for a new trial. No brief has been filed by plaintiff appellee.

Plaintiff's complaint alleged in substance that on July 26, 1936, defendant owned a building located at 399 South Dearborn street, Chicago; that it permitted one of the stores in said building to be used for a tavern known as "The Dells Buffet"; that "defendant had knowledge that alcoholic liquors were to be and were sold on the said date on the said premises occupied by the said tavern and the defendant knowingly permitted the sale therein of alcoholic liquors"; that the owners and operators of the tavern gave or sold liquor to a patron thereof on July 26, 1936, causing him to become intoxicated; and that while in that condition he assaulted plaintiff, inflicting the injuries complained of.

Defendant's answer admitted the ownership of the building on July 26, 1936, and that it permitted the use of a store situated therein for a tavern known as "The Dells Buffet," but denied every other allegation in the complaint.

Plaintiff testified that at about 9 p. m. on Sunday, July 26, 1936, he entered "The Dells Buffet" and purchased a glass of beer; that he gave the bartender $5 and received only $3.90 back from him; that when he asked for his correct change he was "grabbed from behind and hit on the nose by a man named Nick"; that Nick was the only name by which he knew this man; that as he left the tavern Nick swung an ice

club at him and struck him in the ribs; that when he went into the tavern "that night" he saw Nick pour a drink of whisky from a bottle on the bar and drink it but he did not see him pay for it; that he had been in the tavern about three times previously and on those occasions he had seen Nick behind the bar and outside of it; that when he reported the occurrence to the police, he stated that the man behind the bar hit him, referring to Nick; that he might have referred to him in his "police report" as the saloon keeper but that he was uncertain whether he did or not; and that he had known Arthur Lavigne, the bartender, for about two years.

Except for the physician who examined Gunderson and treated him for his injuries the only other witness presented in plaintiff's behalf was Arthur Lavigne, who testified that on the day of the occurrence he was working in the tavern in question as a bartender; that the plaintiff came in the tavern, purchased a glass of beer and then began to argue about his change; that Nick Monaco assaulted plaintiff; that prior to this incident Nick Monaco had had about twelve drinks of whisky that day and was intoxicated; that he was hired by Nick Monaco and went to work for him when he opened up the tavern in defendant's building; that he was paid by Monaco, who was around the tavern all the time; that he had never been paid by anyone else; that he took orders from Monaco, who was his boss; that Monaco "helped himself" to liquor in the tavern whenever he wanted it; and that on the occasion and on the day in question Monaco "helped himself" to the liquor he drank.

As heretofore stated, the trial court at the close of plaintiff's evidence directed a verdict for defendant upon the latter's motion and subsequently allowed plaintiff's motion for a new trial. The following

grounds were assigned in plaintiff's written motion for a new trial: "(1) The Court erred in directing a verdict for the defendant at the close of the plaintiff's case; (2) the court erred in denying plaintiff leave to take a nonsuit; (3) the court erred in denying plaintiff leave to reopen his case and introduce further evidence; (4) the court erred in denying plaintiff's motion to continue the hearing of evidence until the next trial day; (5) the judgment is contrary to law and fact." Thus the question presented for decision is whether the trial court was warranted in allowing plaintiff's motion for a new trial on any one or more of the grounds assigned.

As to the first reason advanced for the allowance of a new trial, we are of the opinion that under the law and the evidence the trial court had no alternative but to direct a verdict for defendant. In order for the plaintiff to recover in this cause it was incumbent upon him to prove, among other things, that the operator of the tavern located on the premises owned by defendant sold or gave alcoholic liquor to plaintiff's assailant.

The section of the Dramshop Act under which recovery is sought provides in part as follows [Ill. State Bar Stats. 1935, ch. 43, ¶ 42; Jones Ill. Stats. Ann. 68.042]:

"Every . . . person who shall be injured, in person . . . by any intoxicated person . . . shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein . . . shall be liable severally or jointly with

the . . . persons selling or giving alcoholic liquors aforesaid. . . .''

The law is well settled that recovery under the foregoing section of the statute is dependent upon proof of the fact that the operator of the tavern sold or gave alcoholic liquor which, in whole or in part, caused the intoxication complained of and that to establish the liability of the owner of the premises it is necessary to prove first the guilt of the occupant. (*Hedlund v. Geyer*, 234 Ill. 589; *Austin v. Bass*, 206 Ill. App. 435.) So in the case at bar, in order to hold the defendant owner liable plaintiff must first show that Monaco, the operator of the tavern, is liable under the Dramshop Act by reason of his having sold or given away alcoholic liquor to some person who became intoxicated and assaulted and injured plaintiff. In our opinion when Monaco helped himself to his own liquor he was neither selling nor giving away alcoholic liquor to the person who assaulted plaintiff within the contemplation of the statute. It is clear that Monaco could make neither a sale nor a gift of the liquor to himself and since there was no evidence of a sale or gift of liquor by the tavern operator as is required under the Dramshop Act in order to hold liable the owner of the premises in which the tavern was located the verdict was properly directed for defendant.

The second reason urged in plaintiff's motion for the allowance of a new trial was that the court erred in denying him leave to take a voluntary nonsuit. When Gunderson's testimony had been concluded his attorney merely made an oral motion in his behalf ''for leave to take a voluntary nonsuit.'' This was insufficient. Section 52 of the Civil Practice Act (Ill. State Bar Stats. 1935, ch. 110, ¶ 180 [Jones Ill. Stats. Ann. 104.052]) provides that after the trial of the cause has begun plaintiff may only dismiss his action ''upon fil-

ing a stipulation to that effect'' signed by the defendant or ''on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit.'' Because of plaintiff's failure to file either a stipulation to dismiss signed by defendant or to make a special motion to dismiss supported by affidavit, the trial court had no authority to allow a nonsuit to be taken over defendant's objection. In passing upon this identical question in *Chicago Title & Trust Co. v. County of Cook,* 279 Ill. App. 462, this court said at p. 466:

''In the instant case the motion for a nonsuit not having been made until after the trial of the cause began, the court was not authorized to dismiss it over defendant's objection, except upon plaintiff's compliance with the terms of the act. To entitle plaintiff to a nonsuit under the circumstances involved, the statute required that plaintiff make a 'special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit.' No attempt having been made to comply with this provision of the act, the court was not warranted in sustaining plaintiff's motion and entering the order awarding the plaintiff a nonsuit.''

The next reason urged for the allowance of a new trial is that the court erred in denying plaintiff leave to reopen his case and introduce further evidence. We deem plaintiff's position in this regard untenable. It was only after he had presented all of his evidence and the court had allowed defendant's motion for a directed verdict that plaintiff made the oral motion for leave to reopen his case and submit further evidence. He presented no additional witnesses, he made no offer of evidence which he desired to introduce and he made no statement to the court as to the nature of his

purported additional evidence. It is usually within the court's discretion as to whether or not a case shall be reopened to hear further evidence, but in order that the court may exercise its discretion, it must necessarily be advised as to what additional evidence will be offered so that its materiality may be determined. Inasmuch as the mere statement of plaintiff's counsel that he wanted to reopen the case and introduce further evidence presented nothing for the court to pass upon, the denial of the motion could hardly furnish a sufficient reason for allowing the motion for a new trial.

The final ground relied upon by plaintiff in his motion for a new trial was that the court erred in denying his motion "to continue the hearing of evidence until the next trial day." Plaintiff's oral motion for continuance, which was not supported by affidavit, was made just as the prospective jurors were about to be examined. In support of such motion it was urged that Arthur Lavigne was a material witness, that he had disappeared, that he was not available for the trial, that plaintiff himself had worked the night before as a watchman, and that he was tired and sleepy and not fit to testify. The action of the trial court in overruling plaintiff's motion for continuance was in accordance with the provisions of par. 1, of rule 7 of the Supreme Court (Ill. Rev. Stat. 1937, ch. 110, ¶ 259.14 [Jones Ill. Stats. Ann. 105.14]) and in any event Gunderson was not prejudiced by the ruling of the court since both Lavigne and plaintiff were present and testified fully at the trial.

Whenever a party files a written motion for a new trial he will be held to have waived all causes therefor not set forth in his written motion (*Erikson v. Ward*, 266 Ill. 259), and in passing upon such motion the trial court is precluded from considering any except the

grounds specified therein. As has been shown none of the five errors assigned in plaintiff's written motion for a new trial were sufficient to justify the trial court in granting same.

For the reasons indicated the order of the circuit court allowing plaintiff a new trial is reversed and the cause remanded with directions to enter judgment upon the verdict of the jury.

*Order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.