Dulcemia Warren and Eugenia Wilson, Appellees, v. Raymond J. Yost et al. Raymond J. Yost, Appellant.

Gen. No. 42,222.

Opinion filed December 21, 1942.

ALFRED F. BECK, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

November 14, 1941, plaintiffs filed their verified complaint in chancery praying that defendants be restrained from taking any further steps in a forcible detainer action in the municipal court, and for an accounting. Three days afterward, on motion of counsel for plaintiffs, an order was entered denying their motion for a temporary restraining order. December 22, following, defendant Raymond J. Yost, filed his verified answer to the complaint. January 5,

1942, counsel for defendant served notice on counsel for plaintiffs that on January 7 he would appear before Judge NELSON and ask that an order be entered dismissing the complaint for want of equity "in accordance with the answer of the defendant Raymond J. Yost," theretofore filed. January 7, an order was entered on motion of plaintiffs' attorney, defendant's motion was continued until January 9, and on January 9 an order was entered which recites that on motion of attorney for defendant, Raymond J. Yost, who had not been served but who had entered his appearance and filed his answer "and the court having read the verified pleadings filed herein and having heard the evidence and the arguments of counsel . . . ." Then follow a number of findings to the effect that there was no merit to plaintiffs' case and it was ordered, adjudged and decreed that the complaint be dismissed for want of equity at plaintiffs' costs. Three days afterward, January 12, upon notice of motion of counsel for plaintiffs, an order was entered which recites that upon motion of attorney for plaintiffs "to vacate the order of January 9th, dismissing the above entitled cause for want of equity and for leave to plaintiffs to take a non-suit" it was ordered, adjudged and decreed that the order of January 9, dismissing the suit for want of equity be vacated and set aside and "That plaintiffs have leave to take non-suit and that the above entitled cause is hereby dismissed at plaintiffs' cost and without prejudice." It is from this order that defendant, Raymond J. Yost, appeals.

Plaintiffs have filed no brief in this court. Counsel for defendant Yost says that the order of January 12, which purported to vacate the order of January 9 and permit plaintiffs to take a non-suit, "was granted over objection of defendant," but no such objection appears in the record but we think it not important here. The court was not warranted on January 12 in vacating

its order or decree of January 9 which showed that the court heard the case on its merits and ordered the suit dismissed for want of equity without any showing as to why this should be done. Section 50, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.050]. And the court was also without warrant in allowing plaintiffs' motion for a non-suit since there was no attempt to comply with the provisions of section 52 of the Civil Practice Act, § 52, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.052]; *Chicago Title & Trust Co. v. County of Cook,* 279 Ill. App. 462; *Gunderson v. First Nat. Bank of Chicago,* 296 Ill. App. 111.

The order of January 12 appealed from is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*

MATCHETT, P. J., and McSURELY, J., concur.