**Lloyd H. MAUPIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5118.**

United States Court of Appeals
Tenth Circuit.

July 29, 1955.

**Eugenio CUEBAS ARBONA, Defendant, Appellant,**

v.

A. E. Small, Jr., Denver, Colo. (Sol Cohen, Denver, Colo., was with him on the brief), for appellant.

Robert Swanson, Asst. U. S. Atty., Denver, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.

WALLACE, District Judge.

The appellant, Lloyd H. Maupin, (herein referred to as defendant) was convicted in the District Court of Colorado of the crime of bank robbery [1] and of the crime of conspiracy to commit bank robbery.[2] Defendant's principal contentions on appeal are: (1) the trial court erred in refusing to grant defendant a separate trial; and, (2) the trial court erred in permitting the co-defendant Kaler to reopen the case after the defendants had rested.

Briefly, the record indicates that at about noon on July 19, 1954, the Metropolitan State Bank of Derby was held up by a lone gunman who obtained some $9,600 and fled in a get-a-way car. Subsequently, one Otto Andrew Atterson, the present defendant Maupin and Earl Ernest Kaler were all three jointly indicted for committing such robbery and conspiring so to do. Upon motion Atterson was granted a severance. However, defendant Maupin was denied a separate trial; and, was tried along with co-defendant Kaler.

Defendant asserts he was unfairly prejudiced in his defense by being tried along with the co-defendant Kaler for the reason that the government introduced at the time of trial a confession signed by the co-defendant prior to trial, which confession tended to incriminate the defendant. The confession did not name any other persons but did allude to "the other man".

A confession, although admissible against the one signing it, obviously is not evidence of guilt as to any other persons and must not be so considered; and, where such a statement is introduced into evidence against one of several co-defendants, the court must make it unmistakably clear to the jury that the confession is only to be considered as evidence of the guilt of the person making the statement and that it has no other probative force.[3]

At the instant trial the court carefully observed this principle emphasizing such at the time the confession was introduced into evidence and again when the jury was finally instructed.

There is not the slightest indication that the jury in finding the defendant

---

1. See 18 U.S.C.A. § 2113(b).

2. See 18 U.S.C.A. § 371.

3. Read Hall v. United States, 1948, 83 U.S.App.D.C. 166, 168 F.2d 161, 163, 4 A.L.R.2d 1193. Cf. Latses v. United States, 10 Cir., 1930, 45 F.2d 949, 950.

guilty in any way relied upon this controverted written statement; and, there is substantial competent evidence in the record to support the jury's determination of guilt.[4]

■ The right of one jointly accused to be separately tried is subject to the sound discretion of the trial judge; and, a refusal to grant severance will only be disturbed on review where it is evident that such refusal resulted in an infringement upon the accused's right to receive a fair trial.[5] The record reveals no improper prejudice to defendant because of this joint trial.[6]

■ Appellant also urges that the trial court erred in permitting co-defendant Kaler to reopen his case and take the witness stand in his own behalf after both sides had previously announced that all evidence was in.

This too is a matter of discretion and there is no showing of abuse on the part of the trial judge.[7] Although Kaler's testimony tended to prove appellant's guilt and was harmful to appellant's cause, such testimony in no way impinged upon appellant's legal rights. Not only was the court fully justified in permitting Kaler to testify, but where as here the proposed witness was one who's own liberty was at stake and one who had not yet testified, a trial court should be extremely reluctant to deny such a request.[8]

Inasmuch as the record discloses no error, the judgment is hereby affirmed.

---

4. Thus distinguish Mora v. United States, 5 Cir., 1951, 190 F.2d 749, wherein not only was the trial court belated in advising the jury of the limited force of the introduced confession but there was no substantial independent evidence to support the conviction.

5. Stewart v. United States, D.C.Cir.1954, 214 F.2d 879; Edwards v. United States, 10 Cir., 1953, 206 F.2d 855; Latses v. United States, fn. 3, supra; and, Hall v. United States, fn. 3, supra.

6. Cf. the language of Judge A. Hand in United States v. Cohen, 2 Cir., 1941, 124 F.2d 164, 166 a case not involving confession but dealing with the right of severance: " * * * It is common in cases of joint indictments that there is hostility of some of the defendants to the others and that they will try to save themselves by placing the blame on their associates in the crime. The jury can, and does, weigh the inducement of some defendants to implicate others in determining guilt. We find no error in the disposition of the motion to compel a severance and hold that the order denying it should be affirmed."

7. As observed in Henry v. United States, 6 Cir., 1953, 204 F.2d 817, 820: "There is no iron-bound, copper-fastened, double-riveted rule against the admission of evidence after both parties have rested upon their proof and even after the jury has entered upon its deliberations. Considerable latitude in discretion is vested in the trial judge in this respect. (citing authority.)" Cf. Blakeslee v. United States, 1 Cir., 1929, 32 F.2d 15, 18. Distinguish Gunderson v. First Nat. Bank of Chicago, 1938, 296 Ill.App. 111, 16 N.E.2d 306, wherein the court refused permission to reopen when counsel failed to reveal the nature of the proposed additional testimony.

8. Cf. United States v. Haynes, D.C.Pa. 1948, 81 F.Supp. 63, 70, wherein the court remarked: "The order of the reception of evidence lies largely within the discretion of the trial judge. The desire of defendant Barnes to testify was not known to the Court until after the government had closed its case. There was no way possible for Barnes to testify other than by rebuttal, since his attorney would not call him to the witness stand. I do not believe any prejudice arose from said order of proof. In my judgment, it would have been a miscarriage of justice, and the extension of a helping hand by the Court to defendant Haynes to clear himself of the criminal charges, if I had not permitted Barnes to testify. (Citing authority.)"