Donald Knigge, Appellant, v. Henry Berenz, and Robert Chudzik, Appellees.

Gen. No. 46,774.

First District, First Division.

May 7, 1956.

Released for publication June 12, 1956.

Tom L. Yates, of Chicago, for appellant; William Parker Ward, of Chicago, of counsel.

Milton H. Tuttle, of Des Plaines, for appellees; Frank M. Opeka, of Chicago, of counsel.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On September 29, 1952 plaintiff's automobile collided with a hay baler and tractor owned by the defendant Harry Berenz and driven by the other defendant Robert Chudzik, causing injuries to plaintiff and damage to his automobile. Thereafter plaintiff retained counsel and brought suit in the Superior Court of Cook County to recover damages for injuries alleged to have been suffered by him. Defendants appeared by counsel, filing an answer, and a counterclaim was filed on behalf of Berenz. Issue was joined in the Superior Court on December 15, 1952, where the matter remains undisposed of.

Plaintiff carried a collision insurance policy covering damages to his car, and following the accident he had the automobile repaired. The insurance carrier, having become subrogated to plaintiff's rights to the extent of its payment under said policy, and without knowledge of plaintiff, on February 16, 1953, commenced suit in the County Court. Defendants appeared through their attorney, who also represented them in the Superior Court suit, and filed an answer, and a counterclaim on behalf of Berenz asking judgment in the sum of $4500. Through an error in docketing in the office of counsel for the insurance company its counsel was not present when the case was called for trial. Accordingly, the County Court, on October 20, 1954, entered judgment finding that plaintiff should take nothing by his complaint, permitted the filing of an amendment to the counterclaim reducing the ad damnum to $2000 which represented the maximum limit of the County Court jurisdiction, and entered judgment in favor of counterplaintiff in that amount.

Some two weeks later counsel for the insurance company moved to vacate the judgment and in support thereof filed a petition, as well as a supplemental petition. The County Court, on November 24, 1954, vacated the judgment order with respect to the counterclaim

but refused to disturb the finding that plaintiff should take nothing by his complaint. That same day counsel filed a motion in the nature of writ of error coram nobis in the County Court, stating that defendants would rely on the judgment order of October 20, 1954 as a bar to plaintiff's suit in the Superior Court, asserting that the entry of the order of default was void for want of jurisdiction, and alleging that the judgment was entered by mistake of fact as to whether or not a default had occurred by reason of plaintiff's absence from trial, and counsel asked that the court vacate in its entirety the order of October 20, 1954. However, his motion was denied, the court on April 7, 1955 confirming that portion of the judgment order reading: "Therefore it is considered by the Court that the Plaintiff take nothing by his suit."

Approximately a month later, on May 6, 1955, plaintiff, through his personal attorney who represented him in the Superior Court and who had been given leave to intervene in the County Court proceedings, likewise filed a motion in the nature of writ of error coram nobis stating that plaintiff and his personal attorney were unaware that a suit on behalf of plaintiff had been filed in the County Court, that they were unaware of plaintiff's default, that the trial judge in the County Court was not informed of the limited nature of the claim in his court nor of the pendency of the Superior Court proceeding—although such information was within the knowledge of defendants and their counsel—and that if the judge in the County Court had been so informed he would not have proceeded with the trial of the cause on October 20, 1954, nor would he have entered his judgment order of that date, and counsel added that if the court failed to vacate that order and any subsequent confirming order plaintiff would be estopped from prosecuting his claims against defendants for damage to his property or

183

injuries to his person; and accordingly plaintiff prayed that the court vacate the judgment order of October 20, 1954 and any subsequent confirming order. This motion, too, was denied by the court on May 19, 1955.

Plaintiff is appealing from: the order of October 20, 1954 finding that plaintiff take nothing by his suit; the order of April 7, 1955 confirming said judgment order, overruling plaintiff's motion to strike certain portions of defendants' answer to the motion in the nature of writ of error coram nobis filed November 24, 1954, and denying plaintiff's motion in the nature of writ of error coram nobis; and from the order of May 19, 1955 denying plaintiff's motion in the nature of writ of error coram nobis filed May 6, 1955.

Plaintiff argues that he was not in default at the time the case was called for trial by the County Court and an adverse judgment entered there since, as he views it, the finding by the County Court that a default had occurred was based on a mistake of fact which should have been rectified by vacating the order. Further, he states that the power of a court to enter an order of default is limited by subdivision (5) of section 50 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110 [§ 50, subd. (5)]) to two grounds, namely "want of an appearance" and "failure to plead," and he argues that neither ground existed at the time the matter was called for trial. Additionally, he urges that the court had no jurisdiction to act on defendant Berenz' counterclaim for the recovery of $4500, since the jurisdiction of the court is limited to actions at law wherein the amount in controversy does not exceed $2000, that any order of the court with respect to the counterclaim was therefore void because of the jurisdictional defect, and that the counterclaim could not become the basis for default. However, the record discloses that when the cause was reached on the day set for trial, the court had before it the complaint, the

184

answer of defendants, and the counterclaim of defendant. Plaintiff had filed no answer to the counterclaim, as ordered by the court. Accordingly, we think the order of default for failure to plead to the counterclaim was proper.

██ Plaintiff takes the position that his failure to appear had no other effect than to authorize the court to dismiss the cause, and cites Caldwell v. McCay, 65 Ill. App. 405, and People v. Reuter, 88 Ill. App. 586. We think the point is well taken. The statute (Ill. Rev. Stat. 1955, ch. 110, sec. 52) precludes a plaintiff from voluntarily dismissing his suit where a counterclaim is pending, but does not preclude the court from dismissing plaintiff's suit for want of prosecution. Instead of deciding the case on its merits and entering judgment "that the Plaintiff take nothing by his suit," the court, by reason of plaintiff's default, should have dismissed his suit for want of prosecution.

Accordingly, the judgment order of October 20, 1954, is reversed, and the cause remanded with directions that plaintiff's suit be dismissed for want of prosecution. The order vacating judgment on the counterclaim is affirmed, as are the orders denying motions in the nature of writs of error coram nobis.

Judgment order of October 20, 1954 reversed, and cause remanded with direction; subsequent orders (except that portion of the order of November 24, 1954 confirming the finding against plaintiff) affirmed.

BURKE and NIEMEYER, JJ., concur.