Harold Williams and Clifton Glover, Plaintiffs-Appellants, v. Katherine Pearson and Josephine Pearson, Defendants-Appellees.

### Gen. No. 11,413.

Second District, First Division.

December 29, 1960.

Arthur S. Gomberg and Samuel Nineberg, of Chicago, for appellants.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan (Gerald C. Snyder, of counsel) for appellees.

SMITH, P. J.

Plaintiffs filed their suit to recover damages for personal injuries sustained as a result of an accident between the respective cars of the plaintiffs and defendants. Defendants answered but filed no counterclaim. The case was properly noted, noticed and called for jury trial on February 18, 1959 in the Lake County circuit court. Neither the plaintiffs nor their attorneys appeared. Defendants appeared with their witnesses, a jury was impanelled and sworn to try the issues, evidence was heard and a verdict returned finding

the defendants not guilty. Judgment on the verdict was entered. On June 10, 1959, plaintiffs filed their verified motion to vacate the judgment, the motion was denied and the appeal to this court followed.

■ Plaintiffs contend that the trial court was without jurisdiction to proceed to trial on the merits in their absence, ex parte, and that the only proper order for the trial court to have entered was to dismiss their cause of action for want of prosecution. Such dismissal would be involuntary and without prejudice, and, the time for bringing their action having expired during the pendency of their suit, they could bring a new suit within one year of the dismissal date. Sec. 24a, Chapt. 83, Ill. Rev. Stat. 1957. Defendants contend that Section 52 of the Civil Practice Act, Sec. 52, Chapt. 110, Ill. Rev. Stat. 1957, provides the only manner in which plaintiffs can now secure a dismissal without prejudice as a matter of right, and that the plaintiffs cannot rid themselves of its requirements by just staying away on the day their case is called for trial. The very narrow question before us, then, is absent the plaintiff and absent a counter-claim, may the trial court proceed on the merits, or is it limited to a dismissal of plaintiffs' suit for want of prosecution?

■ ■ It is abundantly clear that at common law the failure of the plaintiff to appear on the date set for trial could only result in a dismissal of the suit for want of prosecution without prejudice. Illinois Civil Practice Act Annotated, 1933 ed. at page 129 et seq. and 1936 edition at page 143 et seq. The right to a nonsuit without prejudice both before and after trial was begun was fully recognized. Daube v. Kuppenheimer, 272 Ill. 350, 112 N. E. 61. It was early restricted in this State so that the right to move to a voluntary nonsuit should be exercised "before the jury retire from the bar." Laws of 1819, p. 142. Section 70 of the Practice Act of 1870 restricted the right to its exercise "before the jury retire from the bar" or, if

212

before the court, "before the case is submitted for final decision." Under both of these acts where the plaintiff was not present the rule continued to restrict the trial court to a dismissal of plaintiff's suit without prejudice for want of prosecution. Holmes v. C. & A. R. Co., 94 Ill. 439; People v. Reuter, 88 Ill. App. 586; Nieman v. Wintker, 85 Ill. 468; Sanitary Dist. of Chicago v. Chapin, 226 Ill. 499, 80 N. E. 1017. Under such procedures evidence could be taken for days before a court or jury, and if the plaintiff concluded that the case was going unfavorably, he could, by simply walking out of the court room, exercise his right to a nonsuit without prejudice. This "often made the administration of justice a mere travesty" and, "it was to remove this obvious defect in the law that the legislature enacted Section 52 of the Civil Practice Act." Chicago Title & Trust Co. v. Cook County, 279 Ill. App. 462. Very soon, therefore, it was determined that both before and after trial had begun on the merits, the plaintiff's right to a voluntary nonsuit without compliance with Section 52 was no longer absolute. Fidelity & Casualty Co. of New York v. Heitman Trust Co., 317 Ill. App. 256, 46 N.E.2d 155; Gilbert v. Langbein, 343 Ill. App. 132, 98 N.E.2d 140; Menard v. Bowman Dairy Co., 296 Ill. App. 323, 15 N.E.2d 1014; Gunderson v. First Nat. Bank of Chicago, 296 Ill. App. 111, 16 N.E.2d 306; Warren v. Yost, 317 Ill. App. 79, 45 N.E.2d 590. The common law right was, therefore, becoming more and more restricted.

In Flassig v. Newman, 317 Ill. App. 635, 47 N.E.2d 527, we move a step closer to the problem at hand. In that case, after trial had begun, and the evidence partially heard, plaintiff amended his complaint and the cause was continued for further evidence. The plaintiff did not appear. The record shows that, "the plaintiffs knew the cause was on hearing but stayed away from court and did not participate in the proceeding because they did not wish to try the cause be-

■■■■■■■■

fore Judge Allegretti and were of the opinion that, if they did not appear, the court had no alternative except to dismiss the case for want of prosecution." It will be observed that here the plaintiff's staying was intentional or deliberate. After making note of the common law rules the court said, "but where the plaintiff appears, if he desires a nonsuit, he must make known his desire by asking for it. Delano v. Bennett, 61 Ill. 83. We see no difference in principle between the cases where plaintiff is present in court and refuses to proceed, and where he purposely absents himself from court, so he will not have to go to trial. Sec. 52 of the Civil Practice Act clearly restricted the right to a voluntary dismissal and established certain prerequisites to a plaintiff's right to a nonsuit." In a comment on this decision in 21 Chicago-Kent Law Review (1943) at page 348, the writer suggests that, "the court feels the practice should be identical whether the plaintiff is present in court asking for such relief or deliberately stays away so as not to be compelled to seek the same," and then concludes that "a plaintiff, hereafter, must stand advised that once litigation had been instituted it must be prosecuted to final judgment on the merits unless he complies with the applicable statute or can show sufficient reason for vacating any judgment rendered therein." The editors of Illinois Civil Practice Act Annotated (1933) at page 130 conclude that, "the effect of this statute would appear to permit a defendant in the absence of the plaintiff to proceed with the trial and obtain a judgment against the plaintiff by default, putting plaintiff to the necessity of a motion to set aside the default. The positions of plaintiffs and defendants are thus more nearly equalized." The right of the plaintiff to default a non-appearing defendant and proceed to judgment on the merits has been long recognized. To place plaintiffs and defendants on an equality where the ad-

versary fails to appear for trial, therefore, has some appeal.

Plaintiffs do not quarrel with Flassig, but suggest that it is not persuasive. They point out that trial had begun, evidence had been heard in part, and plaintiffs' staying away was intentional and deliberate. None of these circumstances are present in the case at bar. Indeed the only reason assigned by plaintiffs is that their staying away was inadvertent, in that trial counsel "assumed that the case would be continued or re-set for trial to another date." The defendants are not charged with contributing either directly or indirectly to the origin of this assumption. Plaintiffs' assumption is predicated on their own feeling that the defendants would not be ready or willing to go to trial on February 18th as they, the plaintiffs, were then delinquent some two weeks in answering defendants' interrogatories. Plaintiffs properly admit that it was their duty to have answered these interrogatories within the time limited by Supreme Court Rules and to have been present in court to seek a continuance or a re-setting of the case. It is apparent that their conduct was not contumacious, wilful, deliberate or intentional, but more properly described as inadvertent. Under such circumstances is an inadvertent plaintiff in any better position than an inadvertent defendant? We think not. The line of demarcation between an intentional and an inadvertent staying away is ephemeral, and no such distinction is made as to an absentee defendant. It is but a half step beyond Flassig to place them on a par and we believe that Section 52 of the Civil Practice Act was intended by the legislature to do just that.

▆▆▆ To so hold does no violence to established principles. Long ago our Supreme Court established the principle that both parties to litigation should have equal treatment under the law and struck down

a statute as class legislation which made judgments of appellate courts final as to appellants but reviewable as to appellees. Jones v. C. R. I. & P. R. Co., 231 Ill. 302, 83 N. E. 215. The existence of such a principle militates against any objections to a construction of Section 52 CPA which places a plaintiff and a defendant on an equal footing. Whether plaintiff or defendant, the privileges and the rights of one should be the privileges and rights of the other in any enlightened system of jurisprudence. There is no injustice in requiring of a plaintiff, the same attention to his trial settings, as is now required of a defendant. What principle of fair play gives to the defendant his day in court but once, yet grants to the plaintiff, at his own whim or caprice, a second day? When a defendant stays away on his trial day at his peril, may a plaintiff stay away at his pleasure? Present a counter-claim and the plaintiff may not dismiss without the consent of the defendant. A counter-claiming defendant must comply with the statute. Present a counter-claim and equality exists. Absent a counter-claim, why should that equality suddenly disappear? Present in court and requesting a nonsuit without prejudice a plaintiff must comply with the statute. Can it be said that out in the hall, he is free from its provisions? Absent the defendant, the court may proceed to trial on the merits. Absent the plaintiff, may a court only say to a plaintiff, "go now without prejudice, but come again when the atmosphere is more to your liking?" The Civil Practice Act was enacted to assist litigants in having their cases tried—not to keep them from trying their cases. Schornick v. Prudential Ins. Co., 277 Ill. App. 36. That assistance under Section 52 CPA can and should be given to plaintiff and defendant alike. Section 52 appears to be the only section in the Civil Practice Act dealing with dismissals without prejudice. It would appear to include plaintiffs, counter-plaintiffs and

third party plaintiffs. It seems clear that the legislature intended to and did preempt the entire field of dismissals without prejudice by prescribing the terms for those who seek them as a matter of right. Where the plaintiff appears and desires a nonsuit, he must make known his desires by asking for it. Delano v. Bennett, 61 Ill. 83. It seems odd indeed that, when present in court the plaintiff must affirmatively ask for a nonsuit without prejudice and must comply with Section 52, but, when absent, the court must give him that relief as a matter of course, and without compliance with Section 52. We do not believe that the legislature ever intended such a result. To claim the benefit of a dismissal without prejudice, a plaintiff must claim it. He cannot by mere passivity or inactivity claim as a matter of right the benefit of a statute which by its terms requires affirmative action on his part. To avoid a default a defendant must act. Section 52 imposes no injustice on a plaintiff by requiring that he too affirmatively act if he desires a nonsuit without prejudice.

We do not want to be understood as holding that Section 52 CPA does away with involuntary nonsuits. In the absence of both parties from the trial, no other order would appear to be proper. The defendant, as formerly, may request an involuntary nonsuit where for some reason he cannot or does not want to proceed. The defendant may take judgment on the merits in the absence of the plaintiff, but he cannot take such judgment on the merits in the absence of evidence or admissions in the pleadings to support it. Section 52 CPA does not purport to control such a situation. It merely prescribes the conditions whereby a plaintiff can obtain a nonsuit without prejudice as a matter of right. He is yet subject to a dismissal for want of prosecution as heretofore, with its correlative right to refile in proper cases.

217

Plaintiff suggests that we do violence to the doctrine of stare decisis in so holding and rely on Knigge v. Berenz, 10 Ill. App. 2d 181, 134 N.E.2d 626, and Liberty Mut. Ins. Co. v. Congress Michigan Auto Park, 19 Ill. App. 2d 502, 154 N.E.2d 298. Both were decided after Section 52 CPA was adopted. In the former, two suits were pending between the same parties in the same jurisdiction in different courts, and through apparent inadvertence or oversight one was dismissed, barring a previously filed suit. It is apparent that an unconscionable result was imposed on one of the parties without that party's fault. In the latter case, the reversal was predicated upon the refusal of the trial court to order a deposition to prove the plaintiff's case. Neither dealt with the narrow point with which we are involved and we do not deem them controlling.

Plaintiff further suggests that defendant should not ethically have proceeded without first inquiring of opposing counsel's intentions. It is sufficient to say that no facts are set forth to indicate that defense counsel did otherwise than properly represent his client.

No reason appears in this record for the failure of the plaintiff to appear, nor to move thereafter with diligence. The conduct of the plaintiff does not come within the purview of an excusable mistake. Were his position that of the defendant the motion to vacate would be denied. Till v. Kara, 22 Ill. App. 2d 502, 161 N.E.2d 363. Equality of parties litigant require a like result.

Accordingly, the judgment of the circuit court denying the motion to vacate the judgment should be, and it is hereby, affirmed.

Affirmed.

McNEAL, J. and DOVE, J. concur.