LAY SURGICAL CLINIC, LTD., Plaintiff-Appellee, *v.* JACK HENDON *et al.,* Defendants-Appellants.

Fifth District   No. 79-562

Opinion filed September 23, 1980.

Cohn & Sherwood, of Bethalto, for appellants.

Mateyka, Hill, Hill & Armstrong, of Granite City (M. Joseph Hill, of counsel), for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

Plaintiff, Lay Surgical Clinic, Ltd., brought this small claims action against defendants, Jack Hendon and Elsie Hendon, in the Circuit Court of Madison County, and on defendants' motion, suit was dismissed.

Thereafter, plaintiff's motion to vacate the order of dismissal and reinstate the suit was granted. Following a nonjury trial, judgment for $717 was entered for plaintiff against defendants. Defendants appeal from that judgment and also from the judgment vacating the dismissal order and reinstating the action.

AAA Credit Service, Inc., as assignee of Lay Surgical Clinic, Ltd., and three other parties, filed an action against defendants on May 26, 1978, for collection of four accounts totaling $814 for professional services rendered. On June 19, 1978, defendants appeared and filed an answer denying the allegations of the complaint. On June 21, 1978, defendants filed a motion to dismiss, alleging improper joinder of parties and failure to attach an assignment from the alleged creditors. On June 22, 1978, notice that the case was set for nonjury trial on July 5, 1978, was mailed to the parties. The matter was continued to August 2, then to August 4. On October 11, 1978, the judge ordered the case set for trial, and on November 17, 1978, a nonjury docket setting again was mailed to the parties, with a December 6, 1978, trial date. On that date the defendants appeared, but plaintiff did not. Judge George J. Moran, Jr., thereupon entered the following order: "Matter comes on for hearing, parties duly noticed, Plaintiff fails to appear and presents no evidence. The court finds for the Defendant. Matter dismissed. Clerk to mail attorney for Plaintiff copy of order." The clerk mailed copies of this order to the parties on December 19, 1978. No further proceedings were taken in that case.

On February 8, 1979, AAA Credit Service, Inc., as assignee of Lay Surgical Clinic, Ltd.,[1] filed a new suit for the same amount against the defendants, attaching to the complaint the same documentation as had been filed in the original suit. Defendants filed a limited entry of appearance and motion to dismiss on the ground that the order entered in the original suit was *res judicata*. The motion to dismiss was set for hearing on April 2, 1979, and all parties were notified. On that date defendants appeared, but the plaintiff failed to appear. The motion to dismiss was argued before Judge Thomas Gibbons and was granted. The docket entry made by the judge indicates that on the same day, plaintiff's attorney telephoned the court, stating that he would enter an appearance with an appropriate motion and would contact defense counsel. The record discloses that copies of this order were mailed to all parties. On April 5, a motion for reconsideration was filed by plaintiff and after several continuances was set for hearing before Judge A. A. Matoesian on September 10, 1979. Defendants failed to appear at that hearing. The court granted plaintiff's motion for reconsideration, set aside Judge Gibbons' order dismissing the suit, and ordered defendants to answer

---

[1] The complaint was amended before trial to show "Lay Surgical Clinic, Ltd." as the proper party plaintiff.

within 28 days. Defendants filed their answer and raised the *res judicata* issue as an affirmative defense. On November 7, 1979, with all parties present, evidence was heard and judgment was entered for plaintiff against defendants in the sum of $717. It is from Judge Matoesian's order of September 10, 1979, and the judgment of November 7, 1979, entered by Judge John W. Day, that defendants prosecute this appeal.

■■ Defendant contends on appeal that the December 6 order was an adjudication on the merits and barred the present suit by the doctrine of *res judicata*. Plaintiff argues that the trial court was without jurisdiction to conduct an *ex parte* trial on the merits in its absence, and that the only proper order which the court could have entered was to dismiss the suit for want of prosecution, and such dismissal being involuntary and without prejudice, plaintiff could file again. We disagree.

The same argument was made by the plaintiff in the case of *Williams v. Pearson* (1961), 23 Ill. 2d 357, 177 N.E.2d 856, on similar facts. There, after notice to all parties, the case was called for trial. Neither plaintiffs nor their attorneys appeared. Defendants appeared, and the court proceeded to trial. Judgment was entered for defendants. Plaintiffs filed a motion to vacate, stating that they did not appear because they assumed the case would be continued or reset for trial to another date because certain interrogatories had not been answered. The trial court's denial of the motion was affirmed by both the Second District Appellate Court (28 Ill. App. 2d 210) and the Illinois Supreme Court, which had this to say about the court's jurisdiction to try the case in plaintiff's absence:

> "Plaintiffs' suggestion that the court lacked jurisdiction to try the case in the absence of plaintiffs or their counsel does not merit discussion. That the court had jurisdiction, both of the subject matter and of the parties to the suit, is obvious, and such jurisdiction is not lost merely because one of the parties chooses not to be present on the day set for trial." *Williams*, 23 Ill. 2d 357, 360.

The appellate court in *Williams* articulated on the subject at great length, and we find its language particularly appropriate:

> "Whether plaintiff or defendant, the privileges and the rights of one should be the privileges and rights of the other in any enlightened system of jurisprudence. There is no injustice in requiring of a plaintiff, the same attention to his trial settings, as is now required of a defendant. What principle of fair play gives to the defendant his day in court but once, yet grants to the plaintiff, at his own whim or caprice, a second day? When a defendant stays away on his trial day at his peril, may a plaintiff stay away at his pleasure?" *Williams*, 28 Ill. App. 2d 210, 216.

This court has stated that a judgment is on the merits "when it

amounts to a decision as to the respective rights and disabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends * * *." *Fraley v. Boyd* (1967), 83 Ill. App. 2d 98, 102, 226 N.E.2d 81, 83.

■■ A review of the record in the case at bar leads us to conclude that Judge Moran made such a decision on the merits in the original suit. The court unquestionably had jurisdiction of the parties and the subject matter, and had power to decide the ultimate rights of the parties as disclosed by the pleadings. The hearing was held after notice to the parties, and the court decided the issues "for the defendants." This order, from which no appeal was taken, became final and operated as *res judicata*, thus barring the filing of the present suit for the identical cause of action against the same parties. (*People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.) Therefore, the suit was properly dismissed by Judge Gibbons on April 2, 1979, on defendants' motion; and in view of the foregoing, the subsequent vacation of that dismissal order on September 10 was in error, as were the trial proceedings and the judgment for plaintiff for $717 entered on November 7.

For the reasons stated, the orders of September 10 and November 7, 1979, of the Circuit Court of Madison County are reversed.

Reversed.

JONES, P. J., and HARRISON, J., concur.